## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

### CASE NO:

**VICKIE RAWLINS,**
individually and on behalf of all
others similarly situated,                                      **COMPLAINT-CLASS ACTION**

     Plaintiff,                                                **JURY TRIAL DEMANDED**

v.

**MILLENNIA TAX RELIEF DBA**
**LIMITED LIABILITY CO.,**
     Defendant.
_____/

### CLASS ACTION COMPLAINT

Plaintiff Vickie Rawlins brings this class action against Defendant Millennia Tax Relief. DBA Limited Liability Co. ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

### NATURE OF THE ACTION

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").

2. To market its business, Defendant uses prerecorded messages to send prerecorded voice messages to individuals' cellular phone numbers without first obtaining the required express written consent.

3. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals.  Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

1

## JURISDICTION AND VENUE

4.     This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

5.     Defendant is subject to specific personal jurisdiction in Missouri because this suit arises out of and relates to Defendant's significant contacts with this State.  Defendant initiated and directed, or caused to be initiated and directed, telemarketing and/or advertisement prerecorded voice calls into Missouri in violation of the TCPA.

6.     Specifically, Defendant initiated and directed, or caused to be initiated and directed, the transmission of unsolicited advertisement or telemarketing prerecorded voice calls to Plaintiff's cellular telephone number (the "7275 Number) to sell goods, services or products in Missouri. The 7275 Number has an area code that specifically coincides with locations in eastern Missouri, and Plaintiff received such messages on the7275 Number while residing in and physically present in Missouri.

## PARTIES

7.     Plaintiff is a natural person who, at all times relevant to this action, was a resident of St. Louis, Missouri.

8.     Defendant is a corporation whose principal office is located in California. Defendant directs, markets, and provides its business activities throughout the state of Missouri.

9.     Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

10.     Starting on or about February 2, 2023 and February 7, 2023, Defendant caused multiple prerecorded voice message calls to be transmitted to Plaintiff's cellular telephone number ending in 7275 ("7275 Number").

11.     These prerecorded voice message calls came from the following telephone numbers – 909-443-2402 and 626-788-8638.

2

12.     The prerecorded messages included an artificial or prerecorded voice which identified itself as "Troy" and "William" calling for tax related services.

13.     At the time Plaintiff received these prerecorded voice messages Plaintiff was the subscriber and/or sole user of the 7275 Number.

14.     When Plaintiff listened to the voice messages, she was easily able to determine that they were prerecorded messages. *Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

15.     Defendant's prerecorded message calls constitute telemarketing/advertising because they promoted Defendant's business, goods and services.

16.     At no point in time did Plaintiff provide Defendant with his express written consent to be contacted by prerecorded message.

17.     Upon information and belief, Defendant caused similar prerecorded messages to be sent to individuals residing within this judicial district.

18.     Other people have complained of similar prerecorded voice messages being sent to them by Defendant:





19.    Defendant's unsolicited prerecorded messages caused Plaintiff additional harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's call also inconvenienced Plaintiff and caused disruption to her daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

20.    Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

21.    Plaintiff brings this case on behalf of the Class defined as follows:

**All persons within the United States who, within the four years prior to the filing of this Complaint, received an artificial or prerecorded voice message call on their telephone from Defendant or anyone on Defendant's behalf, promoting and/or advertising Defendant's goods and/or services.**

---

[2] .bbb.org/us/ca/city-of-industry/profile/tax-return-preparation/millennia-tax-relief-llc-1216-891721/complaints

22.     Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

23.     Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in each the Class but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

24.     Upon information and belief, Defendant has sent prerecorded messages to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

25.     The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

26.     There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

   a)   Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using a prerecorded message;

   b)   Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

   c)   Whether Defendant's conduct was knowing and willful;

   d)   Whether Defendant is liable for damages, and the amount of such damages; and

   e)   Whether Defendant should be enjoined from such conduct in the future.

27.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded messages to telephone numbers assigned to

cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

28.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

29.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

30.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

31.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(b) and § 64.1200(a)
### (On Behalf of Plaintiff and No Consent Class)

32.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

33.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

34.     It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call."  47 C.F.R. § 64.1200(a)(1)(iii).

35.     It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party". 47 C.F.R. § 64.1200(a)(3).

36.     It is a violation of the TCPA to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party…." 47 U.S.C. § 227(b)(1)(B).

37.     Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, …artificial or prerecorded voice …other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made…"  47 C.F.R. § 64.1200(a)(2).

38.     Defendant used prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and other members of the Class.

39.     Defendant did not have prior express written consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made and/or failed to honor opt-out requests regarding its prerecorded solicitations.

40.     Defendant has, therefore, violated §§ 227(b) and §§ 64.1200(a) by using prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their consent.

41.     Defendant knew that it did not have consent to make these calls, and knew or should have known that it was using prerecorded messages. The violations were therefore willful or knowing.

42.     As a result of Defendant's conduct and pursuant to § 227(b) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id.*

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a)  An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b)  An award of actual and statutory damages for Plaintiff and each member of the Class;

c)  As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq*., and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

d)  As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq*., and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

e)  An order declaring that Defendant's actions, as set out above, violate the TCPA;

    f)   An injunction requiring Defendant to cease all unsolicited call activity without obtaining consent first and to otherwise protect the interests of the Class;

    g)   Such further and other relief as the Court deems necessary.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendants take affirmative steps to preserve all records, call logs, transmission logs, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant or its vendors/agents to assist in sending the alleged communications.

Respectfully submitted,


Dated: April 24, 2023.


By: */s/ Michael Eisenband*
**EISENBAND LAW P.A.**
Michael Eisenband
Florida Bar No. 94235
515 E. Las Olas Boulevard
Suite 1200
Ft. Lauderdale, Florida 33301
Email: MEisenband@Eisenbandlaw.com
Telephone: 954.533.4092
*Pro Hac Vice Forthcoming*

*Attorneys for Plaintiff and the Proposed Class*